[No. 24719. Department One. October 11, 1933.]

Lou M. Hill, *Appellant*, v. The Department of Labor and Industries, *Respondent*.[1]

*Shorett, Shorett & Taylor,* for appellant.

*The Attorney General* and *Browder Brown, Assistant,* for respondent.

Steinert, J.—This is an appeal from a judgment of the superior court dismissing an action based on a claim asserted under the workmen's compensation act of this state. The claim made by appellant was for the allowance of a pension to her on account of the death of her husband.

Two questions are presented by this appeal: (1) whether the evidence was sufficient to require the court to make a finding that the deceased was, at the time of

[1]Reported in 25 P. (2d) 568.

sustaining the injury, in the course of his employment; and (2) whether, at the time of the accident, the deceased was engaged in an extrahazardous occupation, under the terms of the workmen's compensation act.

There is no dispute as to the following facts: Prior to March 1, 1932, appellant's husband, Justin K. Hill, was employed as superintendent of Yelm irrigation district, located in Thurston county. His duties included the supervision and maintenance of the irrigation ditches in the district, rationing the water distributed by it, keeping its books and accounts, and performing such other duties as might be authorized by the commissioners of the district.

Prior to December, 1931, the district had an outstanding issue of bonds which were then in default. On account of its financial condition, the district could not continue to operate unless its bonded indebtedness should be refunded at a reduced interest rate. Mr. Hill was accordingly authorized by the commissioners to contact the several bondholders, many of whom resided outside of Thurston county, with the view of perfecting some arrangement for refunding the bonded indebtedness. On December 10, 1931, Mr. Hill, accompanied by his wife, drove to the city of Seattle. While on this trip, and at about four-thirty o'clock in the afternoon, the automobile in which Mr. Hill was then riding alone skidded into a bulkhead at or near the intersection of Irving street and Thirty-second avenue south in Seattle. As a result of the accident, Mr. Hill sustained severe injuries to his back and head, resulting in mental delusions which continued until March 1, 1932, on which date he met his death by drowning.

In addition to these undisputed facts, there was other evidence, introduced by appellant, to the effect that Mr. Hill had, on several prior occasions, interviewed Mr. Arthur Bock, one of the bondholders resid-

ing in Seattle, with reference to the bonded indebtedness, and, on the day of the accident, had called at Bock's store on the same matter. Admittedly, however, Mr. Hill did not see Mr. Bock on December 10th, owing to the latter's absence from his place of business. Mr. W. C. McThielicke, who had charge of the store in Mr. Bock's absence, testified that, *some* time in December, a man, whom he identified from a photograph as Mr. Hill, came to the store and inquired for Mr. Bock, stating that his business concerned the Yelm irrigation district. Mr. Bock's place of business was four or five blocks away from the place where the accident occurred. It was on this evidence that appellant chiefly relied as proving that Mr. Hill was, at the time of the accident, in the course of his employment. However, the evidence did not definitely show that it was on December 10th that Mr. Hill had called at Mr. Bock's store. It may have been on a different day altogether.

There was also evidence tending to show that the street along which Mr. Hill was driving at the time of the accident was a very inaccessible one, on which little or no traffic was accustomed to go, and that he was then on his way to the home of his sister-in-law, who lived in the Mt. Baker district in Seattle. This lady was in no way connected with the business of the irrigation district. In his memorandum opinion, the trial judge stated that the proof that Mr. Hill was acting in the course of his employment "at the time of his death" was entirely too conjectural to warrant an award against the department. In its formal findings, the court found that there "was no evidence that the said automobile trip was made on business of the said irrigation district."

After a full reading of the record, we are of the opinion that the evidence on this issue was too con-

jectural to support a finding that the deceased was, at the time of the accident, in the course of his employment.

The second question before us involves the nature of Mr. Hill's employment at the time of his accident, that is, whether it was such, in any event, as would fall within the classification of extrahazardous employment.

Appellant's contention is that the case falls within Rem. Rev. Stat., § 7676(a). Under that section appears the following classification: "Class 8-3 Irrigation ditches (maintenance)." That classification, in our opinion, has reference to activities in connection with the actual maintenance of irrigation ditches, and not to financial activities looking to the successful operation of the business in which the irrigation district was generally engaged. In *Denny v. Department of Labor and Industries,* 172 Wash. 631, 21 P. (2d) 275, we had occasion to discuss the nature of particular activities of an employee as bearing upon the right to take compensation under the act. What we said in the *Denny* case by way of defining and distinguishing activities which in a measure are overlapping is very applicable here. Upon the authority of that case, we must hold against the present contention of appellant.

The judgment is affirmed.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.